The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CLARK LANDIS, ROBERT BARKER, GRADY THOMPSON, and KAYLA BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE MAJOR LEAGUE BASEBALL STADIUM PUBLIC FACILITIES DISTRICT; and BASEBALL OF SEATTLE, INC., a duly licensed Washington corporation, d.b.a. Mariners Baseball, LLC, a duly licensed Washington limited liability company, d.b.a. The Baseball Club of Seattle, LLLP, a duly licensed Washington limited liability limited partnership,<br><br>Defendants. | NO.   2:18-cv-01512-BJR<br><br>**ANSWER TO COMPLAINT** |

## **ANSWER**

Defendants Washington State Major League Baseball Stadium Public Facilities District; Baseball of Seattle, Inc.; Mariners Baseball, LLC; and The Baseball Club of Seattle, LLLP (collectively, "Defendants") respond to Plaintiffs Clark Landis, Robert Barker, Grady Thompson, and Kayla Brown's Complaint as follows, in paragraphs numbered to correspond with those of the Complaint. All allegations not expressly admitted are denied.

ANSWER - 1
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## I.   INTRODUCTION

1.1   Admitted that Safeco Field (the "Stadium") is a retractable-roof baseball park located in Seattle, Washington, which is the home park of the Seattle Mariners, and is owned by Defendant Washington State Major League Baseball Stadium Public Facilities District (the "PFD").  Except as expressly admitted, the allegations of Paragraph 1.1. are denied.

1.2   Denied.

1.3   Denied.

1.4   Defendants admit that Plaintiffs Clark Landis, Robert Barker, Grady Thompson, and Kayla Brown have filed a complaint against Defendants.  Defendants lack knowledge sufficient to respond to the remaining allegations of Paragraph 1.4 and, therefore, deny them.

1.5   Paragraph 1.5 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 1.5.

1.6   Paragraph 1.6 contains allegations that are not directed at Defendants and do not require a response.  To the extent a response is required, Defendants lack knowledge sufficient to respond to the allegations of Paragraph 1.6 and, therefore, deny them.

## II.   JURISDICTION AND VENUE

2.1   Paragraph 2.1 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants do not dispute the jurisdiction of this Court.

2.2   Paragraph 2.2 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants do not dispute the jurisdiction of this Court.

2.3   Paragraph 2.3 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants do not dispute that venue is proper in this Court.

## III.   PARTIES

3.1   Defendants lack knowledge sufficient to respond to the allegations of Paragraph 3.1 and, therefore, deny them.

3.2   Defendants lack knowledge sufficient to respond to the allegations of Paragraph 3.2 and, therefore, deny them.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

3.3     Defendants lack knowledge sufficient to respond to the allegations of Paragraph 3.3 and, therefore, deny them.

3.4     Defendants lack knowledge sufficient to respond to the allegations of Paragraph 3.4 and, therefore, deny them.

3.5     Admitted that the PFD developed and owns the Stadium, which it leases to The Baseball Club of Seattle, LLLP.  Except as expressly admitted, the allegations of Paragraph 3.5 are denied.

3.6     Admitted that The Baseball Club of Seattle, LLLP has certain rights and obligations regarding the Stadium under its lease with the PFD.  Except as expressly admitted, the allegations of Paragraph 3.6 are denied.

## IV.     STATEMENT OF FACTS

4.1     Admitted.

4.2     Admitted that Paragraph 4.2 quotes a portion of 42 U.S. § 12183(a)(1) and states a legal conclusion, the statutory language speaks for itself, and neither it nor the legal conclusion requires a response.

4.3     Admitted that Paragraph 4.3 quotes from 42 U.S. § 12182(a), which statutory language speaks for itself and requires no response.

4.4     Admitted that Paragraph 4.4 quotes 28 CFR § 35.130(a), which regulatory language speaks for itself and requires no response.

4.5     Admitted that Paragraph 4.5 quotes from 28 CFR § 35.130(b)(1), which regulatory language speaks for itself and requires no response.

4.6     Admitted that Paragraph 4.6 refers to 42 U.S. § 12182(b)(1)(A)(i), which statutory language speaks for itself and requires no response.  Except as expressly admitted, the allegations of Paragraph 4.6 are denied.

4.7     Admitted that Paragraph 4.7 refers to part of 28 CFR § 35.151(c)(1), which regulatory language speaks for itself and requires no response.  Except as expressly admitted, the allegations of Paragraph 4.7 are denied.

ANSWER - 3
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

4.8     Admitted that Paragraph 4.8 quotes from a portion of Section 4.33.3 of the 1991 Standards for Accessible Design (the "1991 Standards"), which regulatory language speaks for itself and requires no response.  Except as expressly admitted, the allegations of Paragraph 4.8 are denied.

4.9     Admitted that the Stadium includes five main levels.  Except as expressly admitted, the allegations of Paragraph 4.9 are denied.

4.10    Admitted that the Stadium has two seating sections located above left and center field.  Except as expressly admitted, the allegations of Paragraph 4.10 are denied.

4.11    Admitted that the ADA and related law and/or regulations provide for accessibility for persons in wheelchairs in venues such as the Stadium.  Except as expressly admitted, the allegations of Paragraph 4.11 are denied.

4.12    Denied.

4.13    Denied.

4.14    Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.14 and, therefore, deny them.

4.15    Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.15 and, therefore, deny them.

4.16    Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.16 and, therefore, deny them.

4.17    Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.17 and, therefore, deny them.

4.18    Defendants deny that Plaintiff Brown has any individual right or entitlement to access the bullpen and further deny that the bullpen is not accessible by persons using a wheelchair.  Defendants lack knowledge sufficient to respond to the remaining allegations of Paragraph 4.18 and, therefore, deny them.

4.19    Admitted that Diamond Club seats are on the 100 level of the Stadium, are located behind homeplate, and the pricing of such tickets varies and may, in some

ANSWER - 4
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

circumstances and depending on seller, cost as much as $500. Except as expressly admitted, the allegations of Paragraph 4.19 are denied.

4.20    Admitted that (a) Section 100 seating includes wheelchair-accessible seating, including in the Diamond Club; (b) sightlines differ for different seats in Section 100, which section runs from the third-base line in left field around and behind homeplate and extending down the first-base line and around and behind right field; and (c) pricing for seats in Section 100 vary within the section, and also depending on the particular game and seller. Except as expressly admitted, the allegations of Paragraph 4.20 are denied.

4.21    Admitted that some seats in Section 100, both wheelchair-accessible seats and non-accessible seats, do not have complete viewing access to certain scoreboards. Except as expressly admitted, the allegations of Paragraph 4.21 are denied.

4.22    Admitted that the Stadium has a high-definition video display system (the "HD Scoreboard") that was installed for first use during the 2013 season, is located above center field, measures approximately 201' x 57' and comprises more than 11,000 square feet, has multi-purpose functionality, and is one of the largest scoreboards used by Major League Baseball teams. Except as expressly admitted, the allegations of Paragraph 4.22 are denied.

4.23    Admitted that (a) Paragraph 4.23 quotes 28 CFR § 35.160(a)(1), which regulatory language speaks for itself and requires no response; and (b) some seats in Section 100, both wheelchair-accessible seats and non-accessible seats, do not have complete viewing access to certain scoreboards. Except as expressly admitted, the allegations of Paragraph 4.23 are denied.

4.24    Admitted that (a) Paragraph 4.24 quotes a portion of 28 CFR § 36.303(c)(1), which regulatory language speaks for itself and requires no response; and (b) spectators obtain information from a variety of sources, including the public announcement system, different scoreboards, and video/television screens located throughout the Stadium. Except as expressly admitted, the allegations of Paragraph 4.24 are denied.

ANSWER - 5
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

4.25     Admitted that (a) some seats in Section 100, both wheelchair-accessible seats and non-accessible seats, do not have complete viewing access to certain scoreboards; and (b) Section 100 seats that are closer to the field have a better view of the HD Scoreboard.  Except as expressly admitted, the allegations of Paragraph 4.25 are denied.

4.26     Paragraph 4.26 states a legal conclusion, to which no response is required.  To the extent a response is required, admitted that there is legal and regulatory guidance regarding seating for non-ambulatory spectators in facilities like the Stadium.  Except as expressly admitted, the allegations of Paragraph 4.26 are denied.

4.27     Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.27 and, therefore, deny them.

4.28     Denied.

4.29     Admitted that Paragraph 4.29 quotes a portion of Section 4.33.3 of the 1991 Standards, which regulatory language speaks for itself and requires no response.

4.30     The first sentence of Paragraph 4.30 is denied.  Defendants lack sufficient knowledge to respond to the remaining allegations of Paragraph 4.30 and, therefore, deny them.

4.31     Admitted that some of the wheelchair-accessible seating in Section 200 has a platform and that the seating in Section 100, both wheelchair accessible and non-accessible, does not.  Except as expressly admitted, the allegations of Paragraph 4.31 are denied.

4.32     Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.32 and, therefore, deny them.

4.33     Admitted that Section 4.33.2 of the 1991 Standards describes size of wheelchair locations, which language (and related figure) speaks for itself.  Except as expressly admitted, the allegations of Paragraph 4.33 are denied.

4.34     Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.34 and, therefore, deny them.

4.35     Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.33 and, therefore, deny them.

ANSWER - 6
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

  4.36 Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.36 and, therefore, deny them.

  4.37 Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.37 and, therefore, deny them.

  4.38 Admitted that Section 4.33.4 of the 1991 Standards states that the ground or floor at wheelchair location shall be level and shall comply with Section 4.5.  Except as expressly admitted, the allegations of Paragraph 4.38 are denied.

  4.39 Admitted that Paragraph 4.39 refers to Section 410.1 of the 2010 ADA Standards for Accessible Design, which language speaks for itself and requires no response.

  4.40 Admitted that the LU/LA elevator in Edgar's Cantina requires a key for operation, which key may be left in the "on" position.  Except as expressly admitted, the allegations of Paragraph 4.40 are denied.

  4.41 Denied.

  4.42 Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.42 and, therefore, deny them.

  4.43 Admitted that Paragraph 4.43 quotes a portion of Section 5.2 of the 1991 Standards, which language speaks for itself and requires no response.

  4.44 Admitted that Paragraph 4.44 quotes a portion of Section 5.2 of the 1991 Standards, which language speaks for itself and requires no response.

  4.45 Admitted that there are multiple and differently-configured concessions in the "Pen." space at the Stadium.  Except as expressly admitted, the allegations of Paragraph 4.45 are denied as compound and non-specific.

  4.46 Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.46 and, therefore, deny them.

  4.47 Paragraph 4.47 is not a complete sentence and is unintelligible and, therefore, denied.

ANSWER - 7
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

4.48     Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.48 and, therefore, deny them.

4.49     Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.49 and, therefore, deny them.

4.50     Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.50 and, therefore, deny them.

4.51     Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.51 and, therefore, deny them.

4.52     Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.52 and, therefore, deny them.

4.53     Admitted that Paragraph 4.53 quotes a portion of Section 5.2 of the 1991 Standards, which language speaks for itself and requires no response.  Defendants lack knowledge sufficient to respond to the remaining allegations of Paragraph 4.53 and, therefore, deny them.

4.54     Admitted that there are expansion joints on the 100 and 300 levels of the Stadium.  Except as expressly admitted, the allegations of Paragraph 4.54 are denied.

4.55     Admitted that Paragraph 4.55 quotes Section 4.5.2 of the 1991 Standards, which language speaks for itself and requires no response.  Except as expressly admitted, the allegations of Paragraph 4.55 are denied.

4.56     Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.56 and, therefore, deny them.

4.57     Denied that drink rails along the windows of the 200 level are independently subject to "height requirements."  Defendants lack knowledge sufficient to respond to the remaining allegations of Paragraph 4.57 and, therefore, deny them.

4.58     Admitted that 28 CFR § 35.150(a) generally provides that a public entity shall operate each service, program, or activity so that the service, program, or activity, when viewed

ANSWER - 8
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

in its entirety, is readily accessible to and usable by individuals with disabilities.  Except as expressly admitted, the allegations of Paragraph 4.58 are denied.

      4.59    Denied.

      4.60    Denied.

      4.61    Admitted that Paragraph 4.61 quotes Section 4.33.5 of the 1991 Standards, which language speaks for itself and requires no response.

      4.62    Defendants lack knowledge sufficient to respond to the allegations of Paragraph 4.62 and, therefore, deny them.

## V.   CAUSES OF ACTION

### First Cause of Action:

**Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101, et seq.)**

      5.1    Defendants restate and incorporate by reference the responses to Paragraphs 1.1 – 4.62 of the Complaint as set forth above.

      5.2    Admitted that Paragraph 5.2 quotes from a portion of 42 U.S.C. § 12132, which statutory language speaks for itself and requires no response.

      5.3    Admitted that the PFD is a "public entity" as that term is defined in 42 U.S.C. § 12131(1).  Except as expressly admitted, the allegations of Paragraph 5.3 are denied.

      5.4    Admitted, on information and belief, that each Plaintiff is a "qualified individual with disability" as that term is used in 42 USC § 12131(2).  Except as expressly admitted, the allegations of Paragraph 5.4 are denied.

Defendants lack knowledge sufficient to respond to the allegations of Paragraph 5.4 and, therefore, deny them.

      5.5    Admitted that Paragraph 5.5 quotes a portion of 28 CFR § 35.150(1) and also cites to 28 CFR § 35.149, which regulatory language speaks for itself and requires no response.  Except as expressly admitted, the allegations of Paragraph 5.5 are denied.

      5.6    Admitted that Paragraph 5.6 paraphrases 28 CFR § 35.133(a), which regulatory language speaks for itself and requires no response.

ANSWER - 9
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

     5.7     Admitted that Paragraph 5.7 quotes 28 CFR § 35.160(a)(1), which regulatory language speaks for itself and requires no response.

     5.8     Admitted that construction of the Stadium began in 1997. Except as expressly admitted, the allegations of Paragraph 5.8 are denied.

     5.9     Admitted that there has been construction, alteration and/or repair work done to certain areas of the Stadium since March 15, 2012. Except as expressly admitted, the allegations of Paragraph 5.9 are denied.

     5.10     Denied.

     5.11     Denied.

     5.12     Admitted Paragraph 5.12 paraphrases and refers 43 CFR § 17.550(a)(3), which regulatory language speaks for itself and requires no response, and denied that this regulation is applicable to Defendants. Except as expressly admitted, the allegations of Paragraph 5.12 are denied.

     5.13     Denied.

     5.14     Denied.

     5.15     Admitted that Paragraph 5.15 quotes a portion of 42 U.S.C. § 12188(a)(2), which statutory language speaks for itself and requires no response. Except as expressly admitted, the allegations of Paragraph 5.15 are denied.

     5.16     Denied.

     5.17     Denied.

## Second Cause of Action:

**Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101, *et seq.*)**

     5.18     Defendants restate and incorporate by reference the responses to Paragraphs 1.1 – 5.17 of the Complaint as set forth above.

     5.19     Admitted.

1       5.20     Admitted that The Baseball Club of Seattle, LLLP has certain rights and obligations regarding the Stadium under its lease with the PFD. Except as expressly admitted, the allegations of Paragraph 5.20 are denied.

      5.21     Denied.

      5.22     Denied.

      5.23     Admitted that Paragraph 5.23 quotes a portion of 42 U.S.C. § 12188(a)(2), which statutory language speaks for itself and requires no response.

      5.24     Denied.

      5.25     Denied.

### Third Cause of Action:

### Washington Law Against Discrimination

### Revised Code of Washington §§ 49.60.010 – 49.60.505

      5.26     Defendants restate and incorporate by reference the responses to Paragraphs 1.1 – 5.25 of the Complaint as set forth above.

      5.27     Admitted that Paragraph 5.23 quotes a portion of RCW 49.60.030(1), which statutory language speaks for itself and requires no response.

      5.28     Admitted.

      5.29     Admitted on information and belief.

      5.30     Denied.

      5.31     Denied.

      5.32     Denied.

      5.33     Denied.

      5.34     Denied.

### VI.    PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief they request, including without limitation (a) declaratory relief; (b) injunctive relief; (d) damages, however characterized; (c) attorney's fees and costs; or (d) any other form of relief.

ANSWER - 11
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**ADDITIONAL DEFENSES**

By way of further defendants and/or affirmative defenses, Defendants allege:

1. One or more of Plaintiffs' causes of action fails to state a claim upon which relief can be granted.

2. One or more of Plaintiffs' claims are barred by the doctrine of laches.

3. Plaintiffs have failed to mitigate their damages if any.

4. Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**RELIEF REQUESTED**

WHEREFORE, Defendants respectfully request the following relief:

A. That Plaintiffs' claims be dismissed with prejudice;

B. That Plaintiffs' requests for declaratory and injunctive relief be denied;

C. That Plaintiffs' claim for fees and costs be denied; and

D. For any other relief such as the Court deems just and proper.

DATED: December 5, 2018

SAVITT BRUCE & WILLEY LLP

By   /s/ Stephen C. Willey
    Stephen C. Willey, WSBA #24499
    Sarah Gohmann Bigelow, WSBA #43634
    1425 Fourth Avenue, Suite 800
    Seattle, WA  98101-2272
    Telephone: 206.749.0500
    Facsimile:  206.749.0600
    Email: swilley@sbwllp.com
    Email: sgohmannbigelow@sbwllp.com

*Attorneys for Defendants*

ANSWER - 12
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on December 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 5th day of December, 2018 at Seattle, Washington.

*Gabriella Sanders*
Gabriella Sanders

CERTIFICATE OF SERVICE
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500