1

2                                                                    JUDGE BARBARA J. ROTHSTEIN

3

4

5

6                              UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
7                                      AT SEATTLE

8    CLARK LANDIS, ROBERT BARKER, GRADY
     THOMPSON, and KAYLA BROWN,                          No. 2:18-cv-01512-BJR
9
                        Plaintiffs,
10                                                       **PLAINTIFFS' RESPONSE TO**
     v.                                                  **DEFENDANTS' OMNIBUS**
11                                                       **MOTIONS IN LIMINE**
     WASHINGTON STATE MAJOR LEAGUE
12   BASEBALL STADIUM PUBLIC FACILITIES
     DISTRICT; BASEBALL OF SEATTLE,
13   INC., a Washington corporation; MARINERS
     BASEBALL, LLC, a Washington limited liability
14   company; and THE BASEBALL CLUB OF
     SEATTLE, LLLP, a Washington limited liability
15   limited partnership,

16                      Defendants.

17

18                                  **I.      RESPONSE**

          Plaintiffs submit the following response to Defendants' omnibus motions in limine:
19
          1.       **Defendants' motion in limine #1 should be denied** because Plaintiffs' expert
20
     Mr. Terry should be permitted to rebut Defendants' potential arguments that solutions are not
21
     possible to the design insufficiencies at issue in this case.
22

23

     PLAINTIFFS' RESPONSE TO DEFENDANTS' OMNIBUS              **CONNOR & SARGENT** PLLC
     MOTIONS IN LIMINE  - 1                                  1000 Second Avenue, Suite 3670
     No. 2:18-cv-01512-BJR                                        Seattle WA 98104
                                                             (206) 654-5050 • FAX (206) 652-8290

1    **2.       Defendants' motion in limine #2 should be denied** because the exhibits

2    Defendants seek to exclude did not exist at the time of the exchange of Initial Disclosures; are

3    not outstanding to any other discovery requests because Defendants did not propound any

4    requests for production; and are not prejudicial to Defendants because the exhibits are merely

5    pictures of areas that Defendants also have access to, and foundational issues will be addressed

6    in the normal course of exhibit admittance.

7    **3.       Defendants' motion in limine #3 should be denied** because it is an

8    unnecessary restatement of the rules on expert testimony and does not identify any specific

9    expert testimony to be excluded.  Plaintiffs agree that their expert testimony will comply with the

10   Rules of Evidence.

11   **4.       Defendants' motion in limine #4 should be denied** because it is another

12   unnecessary restatement of the rules of evidence that does not identify what specifically

13   Defendants seek to exclude.  Furthermore, while any witness cannot supply foundational

14   testimony for documents provided by counsel, merely because a document was supplied to a

15   witness by counsel does not mean a witness should be precluded from testifying about how the

16   facts in the document would affect them.

17   **5.       Defendants' motion in limine #5 should be denied** because Defendants are

18   properly on notice regarding the claims asserted as they were at issue in Plaintiffs' Motion for

19   Summary Judgment.  Defendants' motion in limine on this issue attempts to be a procedural

20   back-door to preclude these claims from being determined on their merits.

21

22

23

PLAINTIFFS' RESPONSE TO DEFENDANTS' OMNIBUS
MOTIONS IN LIMINE  - 2
No. 2:18-cv-01512-BJR

**CONNOR & SARGENT** PLLC
1000 Second Avenue, Suite 3670
Seattle WA 98104
(206) 654-5050 • FAX (206) 652-8290

**6.** **Defendants' motion in limine #6 should be denied** because Plaintiffs have claims for damages, so as a threshold matter Plaintiffs should be permitted to present evidence supporting the claim.

## II.     AUTHORITY

### 1)     Plaintiffs' Expert Should Be Permitted To Opine On Generic Solutions And To Rebut Arguments That No Solutions Are Possible.

Plaintiffs' expert report did not address specific remedial measures to be applied at T-Mobile Park.  However, this should not preclude him from testifying about general solutions to similar problems at other parks.  As an expert, Mr. Terry is well-versed on situations and factual histories of other parks.  Testimony he offers on historical remediation is admissible under Federal Rule of Evidence 702(a), being "specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue."  Moreover, Defendants were given the opportunity to question Mr. Terry on his knowledge of general potential remediation during his deposition, and did so.  [Campos Dec., Ex. 1: Terry Dep., 68-70].

Additionally, Mr. Terry should be permitted to offer testimony rebutting, if made, assertions that any particular remediation is not feasible, technically infeasible, or is not readily achievable.  Defendants' expert, Mr. Endelman, did not address the feasibility of any specific remediation either.  [Campos Dec., Ex. 2: Endelman Report, at 11-12].  If Defendants make the argument that any remedy "can't be done," Mr. Terry should be able to testify based on his knowledge and experience whether a similar remedy has been done elsewhere.

PLAINTIFFS' RESPONSE TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE  - 3
No. 2:18-cv-01512-BJR

**CONNOR & SARGENT** PLLC
1000 Second Avenue, Suite 3670
Seattle WA 98104
(206) 654-5050 • FAX (206) 652-8290

2)     **Exhibits Produced as Supplemental Initial Disclosures Should Be Permitted Because Their Late Disclosure Is Both Substantially Justified And Harmless.**

Plaintiffs identified and produced a small set of photos taken at a series of games at T-Mobile Park to be used as exhibits at trial.  These pictures are certainly relevant in the case, as central to issues in dispute are attendees' experiences during games.  Defendants cite Fed. R. Civ. P. 26, the Rule on Initial Disclosures, to argue the exhibits should be precluded.

Plaintiffs did not supply the documents by the December 24, 2018, Initial Disclosure cutoff because the documents did not exist on December 24, 2018.  Similarly, the documents did not exist by the Discovery Cutoff of April 16, 2019.  [Dkt. 14].  The documents are pictures taken at games in May, June, and August of 2019.  Plaintiffs referred to them as "Initial Disclosures" only because Defendants did not propound any Requests for Production and so they were not supplemental responses. Plaintiffs took these pictures after issues were clarified during motions practice, and which Plaintiffs disclosed after realizing they intended to use them at trial. Plaintiffs were substantially justified in not producing them previously.  This situation is completely unlike *Melczer v. Unum Life Ins. Co. of Am.*, 259 F.R.D. 433, 435 (D. Ariz. 2009), cited by Defendants, in which a party failed to produce a multitude of *existing* documents by the discovery deadline.

Defendants are not harmed by Plaintiffs late disclosure for two reasons.  First, the documents are pictures of spaces and configurations that Defendants have easy access to (that is, at T-Mobile Park).  There is no one-sided secret knowledge contained in these pictures; they merely clarify some of the issues in the case.  Defendants at any time could have visited the stadium and taken their own pictures to support their positions.

PLAINTIFFS' RESPONSE TO DEFENDANTS' OMNIBUS
MOTIONS IN LIMINE  - 4
No. 2:18-cv-01512-BJR

**CONNOR & SARGENT** PLLC
1000 Second Avenue, Suite 3670
Seattle WA 98104
(206) 654-5050 • FAX (206) 652-8290

Second, contrary to Defendants' argument, there is no need for further discovery regarding the photographs (further distinguishing this situation from Melczer, where the production consisted of 526 pages of documents which presumably required authentication, explanation, etc).  Defendants identify the need to "propound written discovery and/or conduct depositions to understand how these documents were created and what they purport to represent."  [Omnibus Motion, at 7, Dkt. 36]. This is an interesting position for Defendants to take, since they did not propound discovery on any other issue.[1] It hardly seems necessary to reopen discovery for photos and videos taken at Defendants' stadium.

### 3)     Expert Testimony Should Be Addressed As It Arises.

By their motion in limine #3, Defendants move to exclude Plaintiffs' expert witness, Mr. Terry, from making legal conclusions at trial.  Defendants do not identify any specific testimony that Mr. Terry has made, or even what they expect him to testify to, that would constitute a legal conclusion.

This motion is premature.  Plaintiffs agree that expert testimony is governed by ER 704, and assert that their expert witness will comply with the rule.  (Similarly, Plaintiffs expect Defendants' expert witness to comply as well).  Should any testimony become an issue, it can be addressed at that time through objections.

---

[1] At the very least, if the Court determines too much of a delay between when the pictures were taken and when they were produced, the Court should permit the pictures taken on August 10, 2019, as it was only 9 days between when the pictures were taken and when they were produced.

PLAINTIFFS' RESPONSE TO DEFENDANTS' OMNIBUS
MOTIONS IN LIMINE  - 5
No. 2:18-cv-01512-BJR

**CONNOR & SARGENT** PLLC
1000 Second Avenue, Suite 3670
Seattle WA 98104
(206) 654-5050 • FAX (206) 652-8290

### 4) Lay Witnesses Can Testify About Their Own Knowledge.

Defendants argue that Plaintiff lay witnesses should be precluded from testifying about barriers they have not personally seen, and knowledge of which is only based on documents produced in litigation.

While Plaintiff lay witnesses cannot testify about matters they have not seen, if they have seen otherwise authenticated documents, they should be permitted to testify to their knowledge of the document and what it contains.  Similarly, they should be permitted to testify about hypotheticals and comparable situations based on other experience (whether they can see over items of a certain height, etc.). Again, this issue is better addressed during trial as specifics arise.

### 5) Defendants Have Sufficient Notice Of The Claims At Issue In this Lawsuit.

With their motion in limine #5, Defendants attempt to accomplish by an evidentiary motion what should be accomplished by a motion for summary judgment: Defendants assert that Plaintiffs are bringing claims outside the scope of the complaint, identifying "for example" only two: food and drink surfaces throughout the stadium as opposed to only in the Pen and the 200 Level, and unequal companion seats.  [Omnibus MIL, at 9-10, Dkt 36].

As an initial matter, both issues *were* adequately raised in the complaint.  Plaintiffs' Second Cause of Action identifies as a violation of the ADA:

f.  Failing to provide fully accessible concessions stands and dining areas;

[Complaint, at 22, Dkt. 1].  Elsewhere, the Complaint specifically takes issue with

- Failing to provide sufficient wheelchair accessible and companion seating sightlines;

- Failing to provide sufficient wheelchair accessible and companion seating dimensions and slope

PLAINTIFFS' RESPONSE TO DEFENDANTS' OMNIBUS
MOTIONS IN LIMINE  - 6
No. 2:18-cv-01512-BJR

**CONNOR & SARGENT** PLLC
1000 Second Avenue, Suite 3670
Seattle WA 98104
(206) 654-5050 • FAX (206) 652-8290

1  [Complaint, at 3, Dkt. 1].  Furthermore, regarding actual notice, both of these identified issues

2  were moved on by Plaintiffs in their Motion for Summary Judgment on May 20, 2019.  [*See*

3  Plaintiffs' MSJ, at 10-13, 16-17, Dkt. 19].  Defendants did not object to the inclusion of the

4  issues as outside the scope of the Complaint, and instead responded to them.  [*See* Defendants'

5  Response, at 3-8, 18-20, Dkt. 21].

6       If Defendants believed Plaintiffs did not correctly assert their claims, Defendants should

7  have brought a Motion for Summary Judgment to dismiss them.  In both cases cited by

8  Defendants, *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011) and *Gray v. Cty. of*

9  *Kern*, 704 Fed. Appx. 649, 650 (9th Cir. 2017) (unpublished), the claims were dismissed on

10  summary judgment.  The dispositive dismissal of claims requires the notice and pleading

11  schedule provided in CR 56.  Instead, in motion in limine #5, Defendants try to assume the

12  dismissal of the claims by arguing that evidence supporting the claims is not relevant to the case.

13  Such evidence would only be irrelevant if the claims were already dismissed.  Defendants had

14  the opportunity to bring its own Motion for Summary Judgment, or to propound discovery to

15  narrow Plaintiffs' assertions, and did neither.  Defendants should be deemed to have waived their

16  objection to claims outside the scope of the Complaint.

17      **6)**    **Evidence Regarding Damages Should Be Admitted.**

18       Plaintiffs have two theories for damages (under state statute and federal statute).  Under

19  the Title II of the ADA, plaintiffs are entitled to damages if the public entity has "intentionally

20  discriminated" against them, and in the 9th Circuit intentional discrimination for these purposes

21  is defined as "deliberate indifference."  This requires only that the public entity have knowledge

22  of the harm that would likely occur and took no action to prevent it.  The PFD effectively

23

PLAINTIFFS' RESPONSE TO DEFENDANTS' OMNIBUS
MOTIONS IN LIMINE  - 7
No. 2:18-cv-01512-BJR

**CONNOR & SARGENT** PLLC
1000 Second Avenue, Suite 3670
Seattle WA 98104
(206) 654-5050 • FAX (206) 652-8290

1    delegated ADA compliance to the Mariners, so there is imputed knowledge based on that

2    delegation. For state law damages, under the WLAD plaintiffs are entitled to damages for "the

3    actual damages sustained by the person" under RCW 49.60.030(2). Plaintiffs should be permitted

4    to present evidence supporting their claims for damages under both theories.

5                                    **III.    CONCLUSION**

6          Defendants' motion should be denied in part and rulings reserved in part.

7          DATED September 17, 2019, at Seattle, Washington.

8                                    **CONNOR & SARGENT PLLC**

9                                    By  _/s/ Stephen Connor_
                                     Stephen P. Connor, WSBA No. 14305
10                                   CONNOR & SARGENT PLLC
                                     1000 Second Avenue, Suite 3670
11                                   Seattle, WA  98104
                                     Email: steve@cslawfirm.net
12                                   Phone: 206-654-5050
                                     **Co-Counsel for Plaintiffs**
13

14                                   **CONNOR & SARGENT PLLC**

15                                   By  _/s/ Anne-Marie Sargent_
                                     Anne-Marie Sargent, WSBA No. 27160
16                                   CONNOR & SARGENT PLLC
                                     1000 Second Avenue, Suite 3670
17                                   Seattle, WA  98104
                                     Email: aes@cslawfirm.net
18                                   Phone: 206-654-4011
                                     **Co-Counsel for Plaintiffs**
19

20

21

22

23

PLAINTIFFS' RESPONSE TO DEFENDANTS' OMNIBUS
MOTIONS IN LIMINE  - 8
No. 2:18-cv-01512-BJR

1

### CERTIFICATE OF SERVICE

2

3       I hereby certify that on September 17, 2019, I electronically filed the foregoing with the

4   Clerk of the Court using the CM/ECF system which will send notification of such filing to the

5   following:

6       Stephen C. Willey, WSBA No. 24499
        Sarah Gohmann Bigelow, WSBA No. 43634
7       Savitt Bruce & Willey LLP
        1425 Fourth Avenue, Suite 800
8       Seattle, WA 98101-2272
        *Counsel for Defendants*

9

        Conrad Reynoldson, WSBA No. 48187
10      WASHINGTON CIVIL & DISABILITY ADVOCATE
        4115 Roosevelt Way NE, Suite B
11      Seattle, WA 98105
        Email: conrad@wacda.com
12      Phone: (206) 855-3134
        *Co-Counsel for Plaintiffs*

13

        Michael Terasaki, WSBA No. 51923
14      WASHINGTON CIVIL & DISABILITY ADVOCATE
        3513 NE 45th Street, Suite G
15      Seattle, WA 98105
        Email: terasaki@wacda.com
16      Phone: (206) 402-5846
        *Co-Counsel for Plaintiffs*

17

18              /s/Rosanne Wanamaker
                Rosanne Wanamaker, Legal Assistant
19              Connor & Sargent, PLLC
                1000 Second Avenue, Suite 3670
20              Seattle, WA  98104
                Phone: (206) 654-5050
21              rosanne@cslawfirm.net

22

23

PLAINTIFFS' RESPONSE TO DEFENDANTS' OMNIBUS          **CONNOR & SARGENT** PLLC
MOTIONS IN LIMINE  - 9                                1000 Second Avenue, Suite 3670
No. 2:18-cv-01512-BJR                                      Seattle WA 98104
                                                     (206) 654-5050 • FAX (206) 652-8290