The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CLARK LANDIS, ROBERT BARKER, GRADY THOMPSON, and KAYLA BROWN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WASHINGTON STATE MAJOR LEAGUE BASEBALL STADIUM PUBLIC FACILITIES DISTRICT, BASEBALL OF SEATTLE, INC., a Washington corporation, MARINERS BASEBALL, LLC, a Washington limited liability company, and THE BASEBALL CLUB OF SEATTLE, LLLP, a Washington limited liability limited partnership,<br><br>　　　　Defendants. | NO.　2:18-cv-01512-BJR<br><br>**AMENDED JOINT PRETRIAL STATEMENT**<br><br>Trial Date: October 15, 2019 |

In accordance with the Court's Standing Order for this case (ECF-14), the parties submit the following Amended Joint Pretrial Statement.[1]

**I.　SHORT, CONCISE STATEMENT OF THE CASE**

*Plaintiffs' Statement:*  Plaintiffs Clark Landis, Robert Barker, Grady Thompson, and Kayla Brown ("Plaintiffs") are all Mariners fans and people with disabilities who use

---

[1] The parties submit this Amended Pretrial Statement to include one item left out of the Pretrial Statement filed yesterday, which is the addition of elevator requirements to Edgar's Cantina, Section IV(l), at the top of page 11.

**AMENDED** JOINT PRETRIAL STATEMENT - 1
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

wheelchairs. Within the last several years, all Plaintiffs each attended at least one baseball game at T-Mobile Park. On October 15, 2018, Plaintiffs filed their complaint in the United States District Court for the Western District of Washington against the Washington State Major League Baseball Stadium Public Facilities District ("PFD") and the Mariners baseball team entities Baseball of Seattle, Inc., Mariners Baseball, LLC, and The Baseball Club of Seattle, LLLP (collectively "Mariners"). Plaintiffs' complaint alleges claims under Titles II and III of the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), and thus jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights), with supplemental jurisdiction over state claims (28 U.S.C. § 1367).

Plaintiffs' expert witness, ADA architect Mr. James L. E. Terry, inspected T-Mobile Park on February 5, 2019, and performed a comparative analysis of wheelchair accessible seating and standard seating sightlines and documented other accessibility barriers. In the months following Mr. Terry's inspection, Plaintiffs served and received response to discovery requests. Depositions of Plaintiffs and Defendants were taken in May, 2019, and the depositions of Plaintiffs expert Mr. Terry and Defendants expert Mr. William E. Endelman were taken in June 2019.

On May 20, 2019 plaintiffs filed a partial motion for summary judgment or summary adjudication covering most issues alleged in the complaint, and all parties filed responsive briefs and proposed orders. The Court's August 19, 2019 order on summary judgement granted judgment on the following issues: seating dimensions on the 300 level, Edgar's Cantina elevator/lift, and wheelchair access to dugouts. ECF- 32 at 16. The Court did not grant summary judgment on the following issues which the Plaintiff's will present at trial:

1. Seating Distribution - Insufficient horizontal and vertical seating distribution throughout the 100 level, particularly in areas adjacent to and close to the field.

AMENDED JOINT PRETRIAL STATEMENT - 2
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

2. Lack of effective communication - Lack of effective communication alternatives for most of the wheelchair seating locations at the rear rows of the 100 level due to low or no visibility of the HD scoreboard from those locations.

3. Sightlines Over Standing Spectators - When fans seated in the rows in front of the wheelchair seating locations at the rear rows of the 100 level and 200 level, people seated in the wheelchair accessible seats do not have comparable sightlines to the field and have a significantly worse viewable area of the field.

4. Insufficient Wheelchair Seating Dimensions and Surface – Several wheelchair seating areas, including Sections 180 and 181, do not have sufficient space to meet the ADA requirements for wheelchair seating area depth and width, and at least one area on the 100 level does not meet the ADA level surface requirements.

5. No Lowered Sales Counters – Many food and drink stands throughout the stadium do not have lowered counter for people in wheelchairs to purchase food or drink.

6. Lines For Purchasing Concessions Too Narrow – Lines for purchasing concession in the concourses are set up using moveable stanchions with insufficient clear width for use by people in wheelchairs.

7. Excessive Changes In Level – Throughout the paths of travel at the stadium, there are numerous cracks, bumps, and gaps, caused by delayed maintenance and metal expansion joint covers that exceed the ADA standards for allowable changes in level.

8. Surfaces For Eating and Drinking Are Too High – Throughout the stadium, including on 200 level and at The 'Pen, there are many standing height tables as well as hundreds or thousands of feet of railing with flat surfaces on

AMENDED JOINT PRETRIAL STATEMENT - 3
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

top where attendees can set food and drink while watching the game, and an insufficient percentage of these eating surfaces is wheelchair accessible.

9. Non-comparable Selection of Admission Prices – Compared to customers who do not require wheelchair accessible seating, customers searching for wheelchair accessible seats have a smaller selection of purchasable tickets.

10. Unequal Companion Seats – Some companion seating in the stadium is not equal in quality or amenities (like drink covers and seating cushions) as adjacent standard seating.

***Defendants' Statement***:  Plaintiffs' complaint alleges three cause of action for violations of Titles II and III of the ADA and the Washington Law Against Discrimination. (ECF No. 1.)  Plaintiffs' complaint pled the following allegations with respect to T-Mobile Park (the "Stadium"):  (1) Failing to provide sufficient wheelchair and companion seat distribution with respect to choice of admission prices and locations; (2) In the 100 and 200 levels, failing to provide adequate wheelchair and companion seat sightlines to the field and high-definition scoreboard; (3) In the 300 Level and Section 180 and 181, failing to provide sufficient wheelchair accessible and companion seat depth; (4) At least one section of wheelchair accessible and companion seating in Left Field of the 100 Level has an expansion joint running through the seats in violation of the level surface requirements; (5) In the Pen, failing to provide lowered counters; (6) In the Pen, failing to provide sufficient room in concession lines; (7) In Edgar's Cantina, failing to provide an elevator which is independently operable; (8) In the concourse areas, failing to prevent hazardous changes in levels due to expansion joints, gaps, and cracks; (9) In the 200 Level, failing to provide lowered drink rails along the windows; and (10) Failing to provide accessible routes into the bullpen and dugouts. (*Id.*)

By order dated August 19, 2019, the Court resolved the following issues, which were conceded by the Mariners Defendants, as to all Defendants except as to the Washington State

**AMENDED** JOINT PRETRIAL STATEMENT - 4
2:18-cv-01512-BJR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

Major League Baseball Stadium Public Facilities District ("PFD"): (1) seating dimensions in the 300 Level; (2) the lift at Edgar's Cantina; and (3) access to the dugouts. (ECF-32.)

With respect to the PFD, all issues stated in Plaintiffs' complaint remain to be determined at trial. As to the other defendants, the following allegations remain to be determined at trial:

- Seating Dimensions: Plaintiffs claim that the accessible seating in Sections 180 and 181 fail to meet the minimum depth requirements set by the ADA.

- Gaps, Cracks, and Expansion Joints: Plaintiffs allege that there are bumps, cracks, slopes, and changes in level along paths of travel and walking surfaces around the Stadium that present hazards for wheelchair users. Some of these obstacles result from maintenance issues where adjacent sections of concrete or brick meet or from expansion joint covers with excessive rises in elevation. Plaintiffs also allege that at least one section of wheelchair accessible and companion seating in Left Field of the 100 Level has an expansion joint running through the seats in violation of the level surface requirements.

- Eating and Drinking Surfaces: Plaintiffs claim there are various seating and drinking surfaces around the park that do not comply with ADA standards: (a) drink rails that are too high on the 200 Level along the windows; and excessively tall dining tables and counters in (b) Edgar's Cantina; (c) "The Pen"; (d) Edgar's Cantina Home Run Porch; and (e) Lookout Landing. Defendants contend that Plaintiffs' current allegations about Edgar's Cantina, Edgar's Cantina Home Run Porch and Lookout Landing are outside that which was pled in the Complaint.

- Concession Counters: Plaintiffs claim that several of the sales counters at concession stands around the Stadium are noncompliant: (a) counters in The Pen, including (i) Jack Daniels Bar; (ii) Silver Bullet Bar; (iii) "Shortstop Beer" stands; (iv) the "Hop Box" beer stand; and (v) the bar at Edgar's Cantina. Defendants contend that Plaintiffs' allegations about "Shortstop Beer", "Hop Box", and the bar at Edgar's Cantina are outside that which was pled in the Complaint.

AMENDED JOINT PRETRIAL STATEMENT - 5
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

- Concession Lines:  Plaintiffs claim that certain lines in the Pen leading up to concession counters fail to meet the ADA's width requirements preventing wheelchair users from navigating to sales counters.

- Distribution:  Plaintiffs charge Defendants with failing to provide sufficient distribution of ADA-compliant seating in the 100 Level.  Plaintiffs allege that the current arrangement fails to provide both sufficient choice of admission prices and locations throughout the Stadium.

- Sightlines:  Plaintiffs allege that guests seated in ADA-compliant seats on the 100 and 200 Levels do not have comparable sightlines to both the field of play and scoreboards.  This failure is exacerbated when fans seated in front of wheelchair accessible seats stand up in excitement during particularly exhilarating moments in the game.

Should Plaintiffs establish liability on any of the aforementioned grounds, they will also have to establish a basis for the injunctive relief, damages, costs and fees that they seek as to each of the Defendants.

## II.  ANY FACTS TO WHICH THE PARTIES CAN STIPULATE

The following facts are admitted by the parties:

### The Parties

1. The Washington State Major League Baseball Stadium Public Facilities District ("PFD") is a Washington state municipal corporation, created by the Washington State Legislature and the King County Council, that owns T-Mobile Park (the "Stadium").

2. The PFD is a public entity under Title II of the ADA.

3. The PFD leases the Stadium to The Baseball Club of Seattle, LLLP, a private entity that manages, operates and maintains the Stadium, and is affiliated with the other privately-owned entities named as Defendants, Baseball of Seattle, Inc., and Mariners Baseball, LLC (collectively "the Mariners").

4. The Stadium is a place of public accommodation under Title III of the ADA.

AMENDED JOINT PRETRIAL STATEMENT - 6
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

5. Plaintiffs are all individuals with a disability under Title III of the ADA and qualified individuals with a disability under Title II of the ADA.

### T-Mobile Park

6. The Stadium was designed and constructed for first occupancy after January 26, 1993.

7. The designs and plans for the Stadium began in 1996.

8. Construction of the Stadium began on March 8, 1997.

9. The Stadium was constructed over a twenty-seven month period between March 1997 and July 1999.

10. The first Mariners game at the Stadium took place on July 15, 1999.

11. The Stadium is composed of four tiers of seating, which are vertically-stacked. Closest to the field is the 100 Level and, extending upward, are the 200 or "Club" Level, the Suite Level, and the 300 Level. The tiers are divided horizontally into sections.

12. Each level is connected to a concourse that contains concessions and which guests use to access their seats. In the 100, 200 and Suite Levels, the concourse is located at the rear of each section.

13. In the 300 Level, guests access their seats from the concourse through passages that are located in the middle of the sections.

14. At field-level, the 100 Level also includes the "Diamond Club," which is a premium seating location directly behind home plate. Guests access the Diamond Club through four tunnels from the 100 Level concourse.

15. Wheelchair-accessible seating is provided on all levels of the Stadium.

16. The Stadium is composed of eight separate building segments made largely of concrete. These segments are connected by architectural assemblies called "expansion joints" designed to allow the structure to safely expand and contract with changes in temperature.

### ADA History

17. The ADA was enacted in 1990.

AMENDED JOINT PRETRIAL STATEMENT - 7
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

18. The United States Access Board (the "Access Board") is a federal agency that, among other things, develops accessibility guidelines and standards.

19. The Department of Justice also promulgates its own regulations, which must be consistent with—but not necessarily identical to—the Access Board's guidelines.

20. The Access Board published its first ADA Accessibility Guidelines in January 1991 and these were revised as of July 1, 1994 (the "1991 ADAAG"). *See generally* https://www.ada.gov/1991standards/adastd94-archive.pdf.

21. The Department of Justice published the *ADA Title III Technical Assistance Manual Covering Public Accommodations and Commercial Facilities* (https://www.ada.gov/taman3.html) ("TAM") in 1993.

22. The Department of Justice published the supplement to the TAM, *Title III Technical Assistance Manual 1994 Supplement* (https://www.ada.gov/taman3up.html) in 1994.

23. The Department of Justice published the *Accessible Stadiums* document (https://www.ada.gov/stadium.pdf) in May 1996.

24. The ADA was amended in 2010. The 2010 Standards, under 28 CFR Part 36, were adopted September 15, 2010 to replace the 1991 Standards. *See* https://www.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf.

25. On March 15, 2012, the 2010 Standards became the enforceable standards under Titles II and III for new construction, alterations, program accessibility, and barrier removal. *See generally* https://www.ada.gov/revised_effective_dates-2010.htm.

### III. DESIGNATION OF DEPOSITIONS AND OBJECTIONS THERETO

Attached hereto as *Appendix A* hereto are the portions of deposition testimony that the Parties intend to offer at trial, except deposition testimony offered solely for impeachment.

AMENDED JOINT PRETRIAL STATEMENT - 8
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## IV. ITEMIZATION OF DAMAGES AND A SUMMARY OF OTHER RELIEF REQUESTED

### *Plaintiffs' Statement:*

Plaintiffs seek injunctive relief under the ADA (42 U.S.C. §§ 12133 and 12188) to remedy Defendants' failure to comply with the ADA standards, as well as costs and attorneys fees under 42 U.S.C. §§ 12133 and 12205. Plaintiffs seek compensatory damages for Defendant Public Facility Districts' "deliberate indifference" to the identified deficiencies pursuant to Title II of the ADA. Additionally, Plaintiffs seek injunctive relief to "enjoin further violations" and recovery of "the actual damages sustained" and costs and reasonable attorneys fees under RCW 49.60.030(2). Plaintiffs seek continued Court jurisdiction of this matter to oversee compliance with directed relief.

Plaintiffs will request that the court award them amounts it finds appropriate to compensate them for the distress they suffered because of the challenged non-compliant features of the stadium.

Plaintiffs request injunctive relief in the form of an order specifically requiring Defendants to:

a) Correct the seating distribution and availability of wheelchair accessible seats to be comparable to standard seats and include the addition of more compliant front row wheelchair accessible and companion seats.

b) Make any and all necessary alterations, such as the installation of additional communication devises and aides, to enable effective communication of content from the HD scoreboard to the wheelchair accessible and companion seats at the rear rows of the 100 level.

c) Make any and all necessary alterations, such as installing raised platforms or building platforms forward, to create sightlines for spectators with mobility disabilities sitting in wheelchair accessible seating in the rear rows of the 100 and 200 levels that are comparable to sightlines of standing spectators.

AMENDED JOINT PRETRIAL STATEMENT - 9
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

d) Make any and all necessary changes, such as altering the front railing, in order to correct all accessible seating locations which lack sufficient depth, including those in Sections 180 and 181 to meet the 2010 ADA Standards.

e) Bring all sales counters and stands into compliance with the lowered height requirements of the 2010 ADA Standards by creating a lowered portion of counter or lowering the entire sales surface.

f) Set up and maintain at 2010 ADA Standards compliant width for wheelchair accessibility by marking the ground to ensure correct concession line stanchion placement and establishing a training program to assure vendor compliance.

g) Thoroughly inspect the floor and ground of T-Mobile Park to identify and repair all changes in level in excess of the 2010 ADA Standards so that all changes in level (including those changes in level created by expansion joint covers) are less than the maximum permitted under the 2010 ADA Standards and establish an ongoing program to assure future compliance.

h) Create or alter eating and drinking surfaces, including "drink rails" in the 200 level and The 'Pen, so at least 5% of eating and drinking surfaces are wheelchair accessible and compliant with the 2010 ADA Standards.

i) Make any and all necessary changes, including ramping or installing working platform lifts, in order to create or alter a route to the dugouts to make the dugouts wheelchair accessible and compliant with the 2010 ADA Standards.

j) Adjust pricing of tickets for wheelchair accessible seats so that tickets can be purchased at each price point available to the general public in order to be compliant with the 2010 ADA Standards and establish a methodology to assure ongoing compliance.

AMENDED JOINT PRETRIAL STATEMENT - 10
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

    k) Correct or alter companion seating so that all companion seating is of equivalent size, quality, comfort, and amenities to the seating in the immediate area.

    l) Replace the lift from the upper level of the Edgar's Cantina to the lower level of the Edgar's Cantina with a lift that meets the 2010 ADA standards, including at the ramps for entry and exit to the lift.

*Defendants' Statement*:

Defendants deny that Plaintiffs are entitled to the relief they seek.

**V.  A SUMMARY OF ANY PENDING MOTIONS *IN LIMINE* AND THE OPPOSITION THERETO**

On September 10, 2019, Defendants filed an Omnibus Motion *In Limine* (Nos. 1 – 6). (ECF-36.) Defendants' Motion requests the following:

- MIL No. 1: Evidence and argument concerning measures to remediate alleged barriers at T-Mobile Park should be excluded.
- MIL No. 2: Proposed exhibits not disclosed during discovery should be excluded.
- MIL No. 3: Evidence and argument by witnesses concerning legal conclusions should be excluded.
- MIL No. 4: Testimony by the Plaintiffs regarding conditions at T-Mobile Park about which they have no personal knowledge should be excluded.
- MIL No. 5: Evidence and argument concerning claims that are outside the scope of Plaintiffs' Complaint should be excluded.
- MIL No. 6: Evidence and argument concerning Plaintiffs' alleged compensatory damages or the PFD's purported "deliberate indifference" should be excluded.

AMENDED JOINT PRETRIAL STATEMENT - 11
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Pursuant to the Court's September 12, 2019 Minute Order (ECF-39), Plaintiffs' response to Defendants' Motion is due no later than September 17, 2019, and Defendants' reply in support of their motion is due no later than September 20, 2019.

## VI.   A STATEMENT CONCERNING WHETHER SETTLEMENT NEGOTIATIONS HAVE BEEN OR WOULD BE BENEFICIAL

The Parties participated in a mediation of this matter on April 15, 2019, but no settlement was achieved.  The Court's September 12, 2019 Minute Order (ECF-39) directs the parties to conduct a further mediation "as early as possible."  The parties are presently scheduled to mediate with the Honorable Bruce Hilyer (Ret.) on October 2, 2019.

## VII.   AN UPDATED ESTIMATE OF THE LENGTH OF TRIAL

### *Plaintiffs' Statement*:

The parties originally estimated that the length of trial would be 3-5 days.  (ECF-14).  A more realistic assessment is six days.

### *Defendants' Statement*:

Now that the Court has narrowed the scope of issues through summary judgment and determined that this matter will proceed as a bench trial, less time is necessary for trial. Defendants estimate that the remaining issues can be tried in 3 days.

## VIII.   A SCHEDULE OF WITNESSES AND A BRIEF SUMMARY OF THEIR EXPECTED TESTIMONY AND ANY OBJECTIONS THERETO (ATTACHED AS SEPARATE DOCUMENTS)

See *Appendices B and C* hereto.

## IX.   A LIST OF EXHIBITS AND ANY OBJECTIONS THERETO (ATTACHED AS SEPARATE DOCUMENTS)

See *Appendices D and E* hereto.

///

///

///

**AMENDED** JOINT PRETRIAL STATEMENT - 12
2:18-cv-01512-BJR

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

DATED: September 18, 2019.

**WASHINGTON CIVIL & DISABILITY ADVOCATE**

By      */s/ Conrad A. Reynoldson*
   Conrad A. Reynoldson, WSBA #48187
   Michael Terasaki, WSBA #51923
   4115 Roosevelt Way NE, Suite B
   Seattle, WA  98105
   Telephone: 206.876.8515
   Email: conrad@wacda.com
   Email: terasaki@wacda.com

**CONNOR & SARGENT, PLLS**

By      */s/ Anne-Marie Sargent*
   Stephen P. Connor, WSBA #14305
   Anne-Marie Sargent, WSBA #27160
   1000 Second Ave, Suite 3670
   Seattle, WA  98104
   Telephone: 206.654-5050
   Email: steve@cslawfirm.net
   Email: aes@cslawfirm.net

   *Attorneys for Plaintiffs*


**SAVITT BRUCE & WILLEY LLP**

By      */s/ Stephen C. Willey*
   Stephen C. Willey, WSBA #24499
   Sarah Gohmann Bigelow, WSBA #43634
   1425 Fourth Avenue, Suite 800
   Seattle, WA  98101-2272
   Telephone: 206.749.0500
   Email: swilley@sbwllp.com
   Email: sgohmannbigelow@sbwllp.com

   *Attorneys for Defendants*

**AMENDED** JOINT PRETRIAL STATEMENT - 13
2:18-cv-01512-BJR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on September 18, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 18th day of September, 2019 at Seattle, Washington.

*Rosanne Wanamaker*
Rosanne Wanamaker
Legal Assistant

CERTIFICATE OF SERVICE
2:18-cv-01512-BJR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500