UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLARK LANDIS, ROBERT BARKER, GRADY THOMPSON, and KAYLA BROWN,<br><br>*Plaintiffs*,<br><br>v.<br><br>WASHINGTON STATE MAJOR LEAGUE BASEBALL STADIUM PUBLIC FACILITIES DISTRICT, BASEBALL OF SEATTLE, INC., a Washington Corporation, MARINERS BASEBALL, LLC, a Washington limited liability Company, and THE BASEBALL CLUB OF SEATTLE, LLLP, a Washington limited liability limited partnership,<br><br>*Defendants*. | CASE NO. 2:18-cv-01512-BJR<br><br><br>ORDER GRANTING AND DENYING DEFENDANTS' MOTIONS IN LIMINE |

## I. INTRODUCTION

Defendants, the collective owners and operators of T-Mobile Field, have submitted six motions in limine seeking to limit or exclude evidence. Dkt. No. 36. Plaintiffs oppose the motions. Dkt. No. 40. Having reviewed the motions, the opposition thereto, the record of the case, and the

relevant legal authorities, the Court will grant some of the motions, and deny others.[1] The reasoning for the Court's decision follows.

## II. BACKGROUND

The Court recently laid out the background of this case in depth in its order granting in part and denying in part Plaintiffs' motion for summary judgment. Dkt. No. 32.

## III. MOTIONS

### A. Motion in Limine No. 1

Defendants seek to exclude any opinions Plaintiffs' expert, James Terry, may proffer at trial addressing potential remedial measures for alleged barriers to access at T-Mobile Field. Dkt. No. 36 at 6–8. According to Defendants, Mr. Terry's expert report, Dkt. No. 20-1, is limited to identifying alleged architectural barriers, but does not offer any opinion regarding potential remediation measures. *Id.* at 4.

Plaintiffs, in response, concede that Mr. Terry's report does not address specific remedial measures, but insist that he should be allowed to testify to "general solutions to similar problems at other parks." Dkt. No. 40 at 2. They also claim that he should be allowed to rebut any claims, if made, that any particular remedial measure is not feasible. *Id.*

Federal Rule of Civil Procedure ("FRCP") 37(c)(1) provides that, where a party fails to provide information "required by Rule 26(a) or (e)," the party is "not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV.

---

[1] Defendants have requested oral argument in connection with their motion. Dkt. No. 36 at 1. The Court finds that oral argument is unnecessary as it is able to rule on the motions on the papers.

2

Pro. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). FRCP 26(a)(2)(B), in turn, provides that expert witnesses must provide a report, including "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. Pro. 26(a)(2)(B)(i).

Here, Mr. Terry's report did not include any opinions on potential remedial measures for T-Mobile Field. Additionally, Plaintiffs have provided no substantial justification for Mr. Terry's failure to include such opinions in his report. As such, Mr. Terry is barred from offering such testimony at trial.

Mr. Terry, however, may identify "general solutions" that have been utilized in other stadiums based on his expertise. As Plaintiffs' point out, Defendants were given an opportunity to question Mr. Terry on the subject of general solutions during his deposition. *See* Dkt. No. 40 at 3; Dkt. No. 40-1. Mr. Terry may not, however, testify as to how those general solutions may suit T-Mobile Field, as he himself has admitted that he does not have a basis for such opinions. Dkt. No. 41-1 ("I have opinions about specific remedies, I have not compared those specific opinions and those specific solution types to this facility on a dimensional basis to know which ones of them will work in which locations, and which ones won't, because some of them you just have to compare them to the specific conditions.").

Accordingly, Defendants' motion to exclude evidence and argument concerning measures to remediate alleged barriers at T-Mobile Field is GRANTED.

**B. Motion in Limine No. 2**

Next, Defendants seek to exclude several exhibits provided by Plaintiffs in a supplement to their Initial Discovery. *See* Dkt. No. 36 at 8–9. Defendants report that these exhibits consist of

3

"pictures taken at baseball games on" May 13, 2019, June 19, 2019, and August 10, 2019. *Id.* at 4. In addition, of the 202 exhibits identified in Plaintiffs' draft pretrial statement, Defendants claim that 72 were not provided until August 19, 2019. *Id.* Defendants argue that Plaintiffs can provide no justification for this late provision and therefore the evidence should be barred from use at trial.

Plaintiffs respond that they did not turn over these documents during discovery because they did not exist yet. Dkt. No. 40 at 4. Further, they claim Defendants are not harmed by the late production because, since they are of Defendants' own stadium, Defendants have easy access to their situs requiring little further discovery.

FRCP 26(a)(1)(A)(ii) requires parties to provide a copy, or description, of "all documents," etc., that the "disclosing party has in its possession, custody, or control and may use to support its claims or defenses." FED. R. CIV. PRO. 26(a)(1)(A)(ii). Further, parties are under a duty to supplement such disclosures "in a timely manner." FED. R. CIV. PRO. 26(e)(1)(A). Again, FRCP 37(c)(1) provides that evidence turned over in violation of FRCP 26(a) cannot be used at trial, unless "substantially justified or is harmless." FED. R. CIV. PRO. 31(c)(1).

Discovery in this matter closed on April 18, 2019. Dkt. No. 14. Thus, these newly produced exhibits are undeniably untimely. Further, Plaintiffs can produce no justification for their late provision. Thus, the question is whether their inclusion would be harmless.

The Court will reserve ruling on this motion until trial when it will be able to determine whether each piece of evidence which Plaintiffs seek to introduce will, or will not, be harmless. Accordingly, Defendants' motion to exclude proposed exhibits not disclosed during discovery is RESERVED until trial.

4

### C. Motion in Limine No. 3

Defendants move to exclude Plaintiffs from presenting any "evidence and argument by witnesses concerning legal conclusions." Dkt. No. 36 at 9–10. Specifically, Defendants seek to bar Mr. Terry from presenting testimony that "attempts to define, interpret, or apply statutes and regulations." *Id.* at 10.

Plaintiffs agree that witnesses are prohibited from presenting legal conclusions and assert that their witness "will comply with the rule." Dkt. No. 40 at 5.

A ruling ordering a party to comply with the rules of evidence during trial is unnecessary. Accordingly, Defendants' motion to exclude evidence and arguments by witnesses regarding legal conclusions is stricken as MOOT.

### D. Motion in Limine No. 4

Defendants' seek to prohibit any testimony by the named Plaintiffs "regarding conditions at T-Mobile Park about which they have no personal knowledge" citing Federal Rule of Evidence ("FRE") 602. Dkt. No. 36 at 10; Fed. R. Evid. 602.

Plaintiffs concur that FRE 602 requires witnesses to testify only on matters about which they have personal knowledge. Dkt. No. 40 at 6. As such, this motion is unnecessary and is stricken as MOOT.

### E. Motion in Limine No. 5

Defendants move to exclude all "evidence and argument concerning claims that are outside the scope of Plaintiffs' Complaint." Dkt. No. 36 at 10–12. Defendants claim that the pretrial statement submitted by Plaintiffs indicates that Plaintiffs "will seek to offer evidence about alleged barriers which were not pled in the Complaint." *Id.* at 5. Specifically, Defendants claim that

Plaintiffs' complaints about (1) lowered sales counters and noncompliant stanchions should be limited to the area of the stadium known as "The Pen," rather than "throughout the stadium"; (2) eating and drinking surfaces with excess height as well as "drink rails along the windows of the 200 Level" should also be limited to The Pen; and (3) companion seats that "are not equal in quality or amenities" are not mentioned in the Complaint at all. *Id.*

Plaintiffs counter that the issues raised by Defendants' fifth motion in limine are in fact identified in their Complaint and that Defendants were on fair notice of their assertion given that they were addressed in Plaintiffs' motion for summary judgment. Dkt. No. 40 at 6–7.

FRCP 8(a)(2) requires a civil complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PRO. 8(a)(2). Such statements must be specific enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In the ADA context, the Ninth Circuit has held that "in order for the complaint to provide fair notice to the defendant, each [architectural barriers] must be alleged in the complaint. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011).

The Court finds that Defendants are on notice as to some of the elements they wish to exclude, and not others. Specifically, the Complaint identifies lowered sales counters, noncompliant stanchions, and eating and drinking surfaces in the context of The Pen and the 100 Level, *see* Dkt. No. 1 at ¶¶ 1.5, 4.43–4.52, and drink rails in the context of the 200 Level, *id.* at 4.57, but then generalizes these grievances, *see id.* at ¶ 5.21(f) ("Failing to provide fully accessible concessions stands and dining areas."). Further, counter heights, line widths, and eating and drinking surfaces requirements are set forth in the ADA. Thus, Defendants were given adequate

6

notice that Plaintiffs were claiming that the entire stadium needed to comply with the ADA standards.

As to companion seats, the Complaint does not refer to quality or amenities of companion seating. Plaintiffs point the Court to sections of their Complaint that address the sightline and distribution standards of wheelchair accessible and companion seats. *See* Dkt. No. 40 at 6; Dkt. No. 1 at ¶ 1.5. Sightlines and distribution are manifestly different claims than quality and amenities. As such, the Court finds that claims as to quality and amenities of companion seats must be excluded.

Accordingly, Defendants' motion to exclude evidence and argument concerning claims that are outside the scope of Plaintiffs' complaint is GRANTED in part and DENIED in part.

**F. Motion in Limine No. 6**

Finally, Defendants challenge the viability of Plaintiffs' legal theories for seeking compensatory damages. *See* Dkt. No. 36 at 12–13. This case is being tried to the Court, as Plaintiffs have withdrawn their jury demand. Dkt. No. 35. The Court will be able to assess the validity of Plaintiffs' legal arguments regarding PFD's liability at trial.

Accordingly, Defendants' motion to exclude evidence and argument concerning Plaintiffs' compensatory damages or the PFD's purported "deliberate indifference" is RESERVED until trial.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS and DENIES Defendants' motions in Limine as follows:

1. Motion in Limine No. 1 is GRANTED.

2. Motion in Limine No. 2 is RESERVED until trial.

3. Motion in Limine No. 3 is stricken as MOOT.

4. Motion in Limine No. 4 is stricken as MOOT.

5. Motion in Limine No. 5 is GRANTED in part and DENIED in part.

6. Motion in Limine No. 6 is RESERVED until trial.

DATED this 27th day of September, 2019.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE