**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLARK LANDIS; et al.,<br><br>　　　　　Plaintiffs-Appellants,<br><br>　v.<br><br>WASHINGTON STATE MAJOR LEAGUE BASEBALL STADIUM PUBLIC FACILITIES DISTRICT; et al.,<br><br>　　　　　Defendants-Appellees. | No.　19-36075<br><br>D.C. No. 2:18-cv-01512-BJR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted December 10, 2020
Seattle, Washington

Before:  McKEOWN, FORREST**, and BUMATAY, Circuit Judges.

Plaintiffs-Appellants Clark Landis, Robert Barker, Grady Thompson, and

Kayla Brown (Plaintiffs) appeal from the district court's findings and conclusions

following a bench trial rejecting their claims that Defendants-Appellees Washington

State Major League Baseball Stadium Public Facilities District, Baseball of Seattle,

---

　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
　　**　　Formerly known as Danielle J. Hunsaker.

Inc., Mariners Baseball, LLC, and the Baseball Club of Seattle, LLLP, owners and operators of T-Mobile Park in Seattle, Washington (Stadium), violated Titles II and III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131–12134 and 12181–12189, in numerous ways. Plaintiffs contend that the Stadium does not provide adequate wheelchair-accessible seating or proportional ticket pricing for wheelchair-accessible seating. They also contend that the cumulative impact of these failures, and others, including the failure to provide adequate sightlines of the playing field and scoreboards, discriminates against spectators who use wheelchairs, in violation of the ADA.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the district court's factual findings for clear error and its legal conclusions de novo. *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1096 (9th Cir. 2011). "Mixed questions of fact and law are also reviewed de novo." *Id.*

1. ***Wheelchair-Accessible Seating.*** The district court did not err in determining that wheelchair-accessible seating is sufficiently dispersed throughout the Stadium. The 1991 Americans with Disabilities Act Accessibility Guidelines require that accessible seating be an "integral part" of the Stadium's seating plan and offer patrons using wheelchairs "a choice of . . . lines of sight comparable to those

---

[1]Plaintiffs also argue as an independent issue that the district court erred in rejecting their claim that the Stadium violates the ADA by not providing spectators using wheelchairs comparable sightlines to the playing field. We address this issue in a concurrently published opinion.

for members of the general public." 28 C.F.R. Pt. 36, App. A § 4.33.3 (1991). We cannot find support in the text of section 4.33.3 or in the admittedly sparse caselaw for the "true proportionality test" that Plaintiffs advance. Rather, the district court correctly determined that the Stadium's seating satisfies section 4.33.3's requirement that accessible seating be "integral"—an intrinsic component—and comparable—substantially similar—to non-accessible seating. Accessible seating is available in each of the four tiers in the Stadium, is placed along every path of egress, and is distributed throughout the Stadium instead of being bunched in the end zone or a single tier. Spectators using wheelchairs have perspective and pricing choices comparable to those offered to the general public. *See* 28 C.F.R. Pt. 36, App. A § 4.33.3.

2.    ***Ticket Pricing.*** The district court correctly determined that the Stadium's ticket pricing complies with the ADA. Plaintiffs mistakenly assert that the Department of Justice's *Ticket Sales* guidance memorandum requires that all ticket-price levels be proportionally represented for wheelchair-accessible seats. *See* Dep't of Just., *Ticket Sales* (2010), https://www.ada.gov/ticketing_2010.htm. This is not, however, what is required by *Ticket Sales* (to the extent that it is binding) or the governing regulations. Instead, a stadium is required to offer accessible seats in a variety of locations throughout with different viewing angles and at all price levels, and tickets for accessible seats may not be set higher than for other tickets in the

3

same section. *See* 28 C.F.R. § 36.302(f)(3). The trial evidence established that the Stadium meets these requirements—wheelchair users have access to the same categories of tickets as the general public, the price of accessible seats is never more than a nearby non-accessible seat, and accessible seat prices range from low ($17) to high ($600).

3.    ***Cumulative Discriminatory Effect.*** Finally, for the first time on appeal, Plaintiffs argue that the Stadium violates the ADA's general non-discrimination provision, 42 U.S.C. § 12182(a), by not offering comparable views of the field and scoreboard, distribution of seating locations, and ticket-price levels. "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so." *Club One Casino, Inc. v. Bernhardt*, 959 F.3d 1142, 1153 (9th Cir. 2020) (citation omitted). Plaintiffs do not argue that any exceptional circumstances apply here, nor do we find any. Accordingly, their cumulative-effects argument is waived.

**AFFIRMED**.

4