UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLARK LANDIS, ROBERT BARKER, GRADY THOMPSON, and KAYLA BROWN<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE MAJOR LEAGUE BASEBALL STADIUM PUBLIC FACILITIES DISTRICT; and BASEBALL OF SEATTLE, INC., a duly licensed Washington corporation d.b.a. Mariners Baseball, LLC, a duly licensed Washington limited liability corporation d.b.a. The Baseball Club of Seattle, LLLP, a duly licensed Washington limited liability limited partnership,<br><br>Defendants. | Case No. 2:18-cv-01512-BJR<br><br>STATUS REPORT |

**1. Summary of the Case**

Plaintiffs Clark Landis, Robert Barker, Grady Thompson and Kayla Brown (collectively, "Plaintiffs") brought this action against Defendants Washington State Major League Baseball Stadium Public Facilities District, Baseball of Seattle, Inc., Mariners Baseball, LLC, and The Baseball Club of Seattle, LLLP ("Defendants") alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and its subsequently promulgated

JOINT STATUS CONFERENCE REPORT - 1
2:18-CV-01512-BJR

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  regulations and standards as well as the Washington Law Against Discrimination Revised Code
2  of Washington ("WLAD") §§ 49.60.010-49.60.505. (Dkt. No. 1.) After engaging in negotiations
3  and Summary Judgement, Parties tried the remaining issues in this case before the Hon. Barbara
4  J. Rothstein commencing October 15, 2019 and continued until October 17, 2019. Closing
5  arguments were held on October 24, 2019. The District Court issued its Findings of Fact and
6  Conclusions of Law on December 3, 2019. (Dkt. No. 77.) The District Court issued Final
7  Judgment on December 3, 2019. (Dkt. No. 78.) The District Court found that "1. Defendants
8  have met their obligations under the applicable provisions of the Americans with Disabilities
9  Act ("ADA"), 42 U.S.C. § 12101 et seq., to provide sufficient sightlines; 2. Defendants have
10 met their obligations under the applicable provisions of the ADA to provide sufficient
11 distribution of ADA-accessible seating; 3. Defendants have met their obligations under the
12 applicable provisions of the ADA to provide comparable ticket pricing for ADA-accessible
13 seating; and 4. Plaintiffs have not met their burden in showing that Defendants have not met
14 their obligations under the applicable provisions of the ADA to effective communications with
15 spectators with disabilities." (Dkt. No. 78.)
16      On December 16, 2019, Plaintiff timely filed a Notice of Appeal with the Ninth Circuit.
17 (Dkt. No. 79.) Appellant's Opening Brief was filed April 4, 2020 (9th Cir. Dkt. No. 19) and the
18 amicus curiae brief of seventeen Disability Rights Organizations was filed on May 1, 2020. (9th
19 Cir. Dkt. No. 22.) Respondent's Answering Brief was filed on June 25, 2020. (9th Cir Dkt. 27.)
20 Appellant's Reply Brief was filed September 1, 2020. (9th Cir. Dkt. No. 37.) On December 10,
21 2020, the Court of Appeal heard oral argument from both Appellant and Respondent. On
22 September 1, 2021, the Court of Appeal issued its opinion. (Dkt. No. 89; 9th Cir. Dkt. 59.)
23      September 1, 2021, The United States Court of Appeals for the Ninth Circuit vacated the

JOINT STATUS CONFERENCE REPORT - 2
2:18-CV-01512-BJR

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  district court's judgment, after a bench trial, in favor of defendants and remanded for further

2  proceedings in an action under the Americans with Disabilities Act. The panel held that this

3  court did not err in applying the Accessible Stadiums guidance interpreting § 4.33.3 of the 1991

4  Accessibility Guidelines adopted by the DOJ to this case. However, it held that this court did

5  not properly apply this standard because it analyzed only the requirement that a person using a

6  wheelchair must be able to see the playing surface between the heads and over the shoulders of

7  the persons standing in the row immediately in front. The panel held that the district court erred

8  by failing to analyze the additional requirement that a person using a wheelchair must be able to

9  see the playing surface over the heads of the persons standing two rows in front.

   **2.  The Parties' Requested Next Steps**

   Plaintiffs request the Court issue an opinion consistent with the remand. If the Court so requests, the parties can provide further briefing. With deference to the Court's discretion is this regard, Plaintiffs request that the court schedule and docket a status conference, and that appearances at the scheduled conference be conducted via telephone or videoconference.

   DATED this 13th day of December, 2022

   /s/Conrad Reynoldson
   Conrad Reynoldson, WSBA #48187
   4115 Roosevelt Way NE, Suite B
   Seattle, WA 98105
   Email: Conrad@wacda.com
   Phone: (206) 428-3558

JOINT STATUS CONFERENCE REPORT - 3
2:18-CV-01512-BJR

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558